**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David M. Campbell; Marie G. Campbell, | No. CV 11-0180-PHX-DGC |
| Plaintiffs, | |
| vs. | **ORDER** |
| California Reconveyance Company, et al., | |
| Defendants. | |

Defendants move to dismiss Plaintiffs' complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure (Doc. 10), and  Plaintiffs oppose (Doc. 13).   In the alternative, Plaintiffs request leave to amend (Doc. 13 at 2), and the request is unopposed (*see* Doc. 15).   Plaintiffs also move to remand (Doc. 11), and Defendants oppose (Doc. 12).  The motions are fully briefed (Docs. 10-16) and the parties do not request oral argument.  For the reasons set forth below, the Court will deny the motion to remand, grant in part and deny in part the motion to dismiss, and grant the motion to amend to the extent of the dismissed claims.

I.      **Motion to Remand.**

Plaintiffs filed their initial complaint in Maricopa County Superior Court.  The case was removed to this Court after issuance of a temporary restraining order by the state court enjoining the trustee sale of Plaintiffs' home.  Docs. 1, 11.  Plaintiffs do not argue that removal was improper, but argue that the Court should decline to exercise

diversity jurisdiction under the abstention doctrines enunciated in *Burford v. Sun Oil Co.*, 319 U.S. 315, 327 (1943), and *Younger v. Harris*, 401 U.S. 37 (1971).

Plaintiffs argue that *Burford* abstention is proper because many cases are pending in Arizona courts involving the issues raised by Plaintiffs' complaint, and a state court is better equipped to interpret Arizona's foreclosure-regulation statutory scheme and make necessary policy judgments on issues of first impression. *Id.* at 8. Plaintiffs argue that *Younger* abstention is appropriate because of pending state proceedings to foreclose on Plaintiffs' home and the State's interest in resolving issues concerning procedures for foreclosure. *Id.* at 10. Defendants respond that removal was proper, that a trustee sale is not a state proceeding, that the issues raised here do not involve the Arizona system of administrative regulation or sovereignty, and that resolving difficult or undecided questions of state law is not a sufficient ground for abstention. Doc. 12.

The Court agrees with Defendants. This case falls within the Court's diversity jurisdiction, and Plaintiffs have not shown that a parallel state judicial proceeding is pending or that a state-court judgment has been entered on issues before the Court. Nor have Plaintiffs shown that this Court would be unable to apply Arizona law to the issues before it. *See La. Power & Light Co. v. City of Thibodaux*, 360 U.S. 25, 27 (1959) (noting that "the mere difficulty of state law does not justify a federal court's relinquishment of jurisdiction in favor of state court action"). The motion to remand will be denied. In light of this ruling, the Court also denies Plaintiffs' request for costs related to the motion (Doc. 11).

**II.      Motion to Dismiss.**

      **A.      Legal Standard.**

When analyzing a complaint for failure to state a claim to relief under Rule 12(b)(6), the well-pled factual allegations "'are taken as true and construed in the light most favorable to the nonmoving party.'" *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009) (citation omitted). Legal conclusions couched as factual allegations "are not

entitled to the assumption of truth," *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009), and therefore "'are insufficient to defeat a motion to dismiss for failure to state a claim,'" *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010) (citation omitted).  To avoid a Rule 12(b)(6) dismissal, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

### B.   Discussion.

This case involves an impending trustee sale of Plaintiffs' house.  Plaintiffs' complaint brings five causes of action against all defendants: (1) vacatur of substitution of trustee, assignment of deed of trust, and notice of trustee sale recordations; (2) quiet title; (3) breach of the duty of good faith and fair dealing; (4) accounting; and (5) injunctive relief.   Doc. 1-1 at 18-29.   Defendants move to dismiss the entire complaint.  Doc. 10 at 1.

### 1.   Vacatur of Recordations.

Under Arizona's declaratory judgment statute, "[a]ny person interested under a deed, will, written contract or other writings constituting a contract, or whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status or other legal relations thereunder."  A.R.S. § 12-1832.

Defendants argue this claim of declaratory relief must be dismissed because no actual controversy is alleged.  Doc. 10 at 4-5.  More specifically, they assert that the only

dispute here is who owns the note and who is a beneficiary under the deed of trust, and that such dispute does not affect Plaintiffs.  *Id.* at 5.  Plaintiffs respond that Defendants' threatened foreclosure of their home gives them standing to challenge the propriety of the recordings related to their property.  Doc. 13 at 6-10, 11:1-9.  The Court agrees.  A trustee sale would affect Plaintiffs' property interest, and under Arizona law the validity of the sale depends upon the recorded documents Plaintiffs seek to vacate.  As discussed in more detail below, Plaintiffs have made plausible factual allegations as to the impropriety of at least some of the recorded documents Plaintiffs seek to vacate.  Accordingly, Plaintiffs have shown a sufficient interest in a declaratory judgment.

### 2. Count 2 – Quiet Title.

Defendants argue this claim fails because "the alleged basis for the claim is merely theoretical," Plaintiffs' request for production of the note is unsupportable, and that if Plaintiffs merely aim to "attack[] MERS' involvement," those claims also fail as a matter of law.  Doc. 10 at 5-6.  Plaintiffs respond that the complaint adequately alleges a quiet-title claim.  Doc. 13 at 11.

Under Arizona law, an action to quiet title is statutory, but also includes equitable considerations.  *Lavidas v. Smith*, 987 P.2d 212, 218 (Ariz. App. 1999).  A party bringing a quiet title action must allege that it has an interest in real property and that the interest is adverse to another person who claims an interest in the same property.  A.R.S. § 12-1101(A).  Plaintiffs' complaint alleges that they have title to the subject property, that Defendants are asserting a right to alienate Plaintiffs' title, and that the two interests are adverse.  Doc. 1-1 at 21-24.

The issue remains, however, whether Plaintiffs' claim states a plausible basis for relief under *Twombly* and *Iqbal*.  Plaintiffs make several arguments for plausibility.  They first assert that the deed of trust was assigned by MERS to U.S. Bank and that the assignment is invalid.  Doc. 13 at 4, 8.  The invalidating factor argued in the response is not that MERS lacked the legal capacity to assign its interest – an argument made in the

complaint and rejected in other cases, *e.g., Kane v. Bosco*, No. CV 10-1787-PHX-JAT, 2010 WL 4879177, *8 (D. Ariz. Nov. 23, 2010) – but rather that the assignment was signed by Deborah Brignac purporting to be a Vice President of MERS despite Ms. Brignac's Linked-In profile listing her as employed by California Reconveyance Corporation ("CRC").  Doc. 13 at 4, 8.  Plaintiffs argue that the absence of MERS from Ms. Brignac's Linked-In profile makes plausible their allegation that she lacked the capacity to sign on behalf of MERS.[1]   Secondly, Plaintiffs assert that U.S. Bank's subsequent substitution of trustee is invalid for two independent reasons: (1) the instrument assigning MERS's interest to U.S. Bank is invalid as discussed above, and (2) the substitution-of-trustee instrument was signed by Ms. Brignac asserting to be a Vice President of U.S. Bank.  Doc. 13 at 4, 8.  Thirdly, Plaintiffs assert that U.S. Bank cannot be the holder of their note because the mortgage pool that supposedly includes Plaintiffs' note had closed one month before Plaintiffs' loan originated.  *Id.* at 4, 7-8. Defendants' reply argues that the allegations regarding Ms. Brignac "constitute nothing more than unwarranted deductions of fact," but does not specify why the inferences Plaintiffs draw are unwarranted.  Doc. 15 at 4.

In *Twombly*, the United States Supreme Court noted that "[a]sking for plausible grounds [for making an inference] . . . simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [the inferred fact]."  550 U.S. at 556. The Court in *Iqbal* went further to address facial plausibility of express allegations. *Iqbal*, 129 S. Ct. at 1949.   The *Iqbal* court refined the two-pronged approach for plausibility announced in *Twombly*:  (1) a court determines if an allegation is a statement of fact or a statement of law; and (2) a court applies its "judicial experience and common

---

[1] This Court's Westlaw search of federal and state decisions revealed only two cases where Ms. Brignac's name is mentioned: *Bjorn v. Lender Processing Servs.*, 2011 WL 42873 (S.D. Cal. January 6, 2011), and *Caravantes v. Cal. Reconveyance Co.*, 2010 WL 4055560 (S.D. Cal. October 14, 2010).  The cases do not raise the same issues as Plaintiffs' complaint, and therefore the Court could find no prior judicial decision deeming Ms. Brignac to be authorized by MERS.  *Bjorn* does, however, show an affiliation between Ms. Brignac and CRC.

sense" to the specific context alleged and determines whether the facts alleged plausibly give rise to an entitlement to relief. *Iqbal*, 129 S. Ct. at 1949-1950. As to the first prong, the Court observed that only allegations of fact can be assumed true. *Id.* As to the second prong, the Court noted "[t]o be clear, we do not reject . . . bald allegations on the ground that they are unrealistic or nonsensical. . . . It is the conclusory nature of . . . allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth." *Id.* at 1951.

In this case, Plaintiffs have alleged in part that the person who signed two important instruments was not authorized to do so. Plaintiffs have drawn this inference from the fact that the signer's public profile does not list her as being employed by MERS or U.S. Bank, the entities for whom she signed. Defendants do not argue that Linked-In is untrustworthy, or that Ms. Brignac's profile is out of date. Defendants also do not assert the existence of agreements or other documents that appoint Ms. Brignac or all CRC vice presidents as vice presidents of MERS and U.S. Bank.[2] Defendants only argue that the inference is unwarranted. As *Iqbal* makes clear, a court does not reject "bald allegations on the ground that they are unrealistic or nonsensical." *Iqbal*, 129 S. Ct. at 1951. Given Plaintiffs' fact-supported allegation that Ms. Brignac is not authorized to sign on behalf of MERS or U.S. Bank, the Court has no basis for concluding that Plaintiffs' allegations are implausible.[3]

Assuming Plaintiffs' factual allegations to be true, the Court must still address whether the claim to quiet title is plausible in light of Plaintiffs' default. Under Arizona law, a title holder may have a superior claim to title as to one party and an inferior claim as to another. *See, e.g., Bowen v. Chemi-Cote Perlite Corp.*, 432 P.2d 435, 443 (Ariz.

---

[2] Such agreements were produced in other cases involving MERS. *E.g., Langley v. Chase Home Finance, LLC*, 2011 WL 1150772 *13 (W.D. Mich. March 11, 2011). Defendants do not assert that MERS and U.S. Bank have no employees as such. Docs. 10, 15.

[3] The Court need not address Plaintiffs' allegation that the mortgage pool purporting to hold their note had closed prior to issuance of their loan.

1967).  Moreover, rights of possession and alienation can also be superior or inferior as between parties.  *Id.*  Therefore, the dispositive issue is whether Plaintiffs have superior claims to specific rights as against Defendants, not whether Plaintiffs' default would defeat their claim as against the world.

Plaintiffs' quiet-title cause of action is unclear about all of the rights to which they seek a declaration.  Doc. 1-1 at 21-23.  The pleading makes in part claims that have been rejected in other cases, including that MERS has no authority to assign the deed of trust (Doc. 1-1 at 22:19-20), and that the note and deed of trust are inseparable (*id.* at 22:22-23).  *E.g., Kane v. Bosco*, No. CV 10-1787-PHX-JAT, 2010 WL 4879177, *8 (D. Ariz. Nov. 23, 2010); *Maxa v. Countrywide Loans, Inc.*, No. CV 10-8076-PCT-NVW, 2010 WL 2836958 (D. Ariz. July 19, 2010).  The pleading appears to assert broadly that none of the defendants has a right to foreclose and that Plaintiffs are entitled to a finding of superior plenary rights as to all defendants.  Doc. 1-1 at 23:20-22, 24:1-7.  Plaintiffs' response to the motion to dismiss, however, appears to limit the claim to barring the alienation of the property at foreclosure by a trustee who was not properly appointed.  *See* Doc. 13 at 12:9-14 ("Defendants' suggestion . . . allows the Defendants to foreclose in the name of an entity that is not the beneficiary under the deed of trust, and on the basis of the fraudulent Assignment, Substitution of Trustee and Notice of Trustee's Sale[.]").

Because the Court finds the other arguments in Plaintiffs' complaint implausible as a matter of law for the reasons stated above, and because Plaintiffs have made a plausible allegation as to the propriety of the trustee appointment as discussed above, the Court will dismiss the quiet title claim as to all rights except alienation by the alleged trustee. The Court will also grant Plaintiffs' unopposed motion to amend their complaint as to this claim.

### 3.    Count 3 – Breach of Good Faith and Fair Dealing.

Defendants argue this claim fails because Plaintiffs have not alleged the denial of a contracted-for benefit.  Doc. 10 at 6-8.  Plaintiffs respond that the deed of trust

contemplated the possible modification of the loan, and that Defendants' denial of modification based on an allegedly-false reason violates the duty of good faith and fair dealing.   Doc. 13 at 14.   Plaintiffs also assert that Defendants' allegedly fraudulent execution of the assignment and substitution of trustee violated the covenant implicit in the deed of trust. *Id.*

This claim is alleged against all defendants.   Each defendant has a different relationship to Plaintiffs, however, and the basis for liability is not clearly alleged as to each defendant.   For example, Plaintiffs have not adequately pled Defendant U.S. Bank, NA owed them a duty, and Plaintiffs express serious doubts about whether the trust for which U.S. Bank acts as trustee is the holder of the note.   Doc. 1-1 at 18:1-12.   Moreover, Plaintiffs allege that Defendant CRC is not a valid trustee under the deed of trust. *Id.* at 15:9-13, 17:1-4.   In light of this allegation, Plaintiffs fail to explain the source of CRC's duty to them.   Although Plaintiffs are entitled to plead alternative theories of relief, the claim as pled is not styled as an alternative claim.

Finally, Plaintiffs' allegations of breach as to Defendant JPMorgan Chase Bank, N.A. ("Chase") stem from Chase's actions related to the loan modification process. Doc. 24-25.   Plaintiffs have not adequately established a basis for Chase's contractual duties, however.   The complaint does not allege Plaintiffs' contract obligated Chase to offer a modification.    Although the complaint alleges Chase's failure to perform consistent with representations toward Plaintiffs, it does not allege reliance on an enforceable promise by Chase to process a modification in a given fashion.   In sum, the complaint does not allege a contractual benefit that Chase denied. *See Rawlings v. Apodaca*, 726 P.2d 565, 569 (Ariz. 1986) ("The essence of that duty is that neither party will act to impair the right of the other to receive the benefits which flow from their agreement or contractual relationship.").

This claim is dismissed without prejudice as to all defendants.  The Court will also grant Plaintiffs' unopposed motion to amend their complaint as to this claim.

### 4.   Count 4 – Accounting.

Defendants argue this claim must be dismissed because Plaintiffs do not allege lack of knowledge about the amount owed and because Plaintiffs' allegation that the loan may have been paid by a third party is implausible.  Doc. 10 at 7.  Plaintiffs respond that they are entitled to an accounting because that accounting may confirm their allegation that the note has been paid in full by a third party, and that such party would be the only party who may assert a right against Plaintiffs' property.  Doc. 13 at 15.

Under Arizona law, a claim for an accounting requires Plaintiffs to allege an agency or trust relationship with respect to the party of which the request for accounting is made.  *See Mollohan v. Christy*, 294 P.2d 375, 376-77 (Ariz. 1956).  To the extent the complaint demands an accounting from all defendants, the claim fails in light of Plaintiff's allegations that CRC is not a valid trustee and that U.S. Bank has no interest in the note.  The Court will not presume which defendant has a duty to Plaintiffs – Plaintiffs must specifically allege such a duty themselves.

This claim is dismissed without prejudice as to all defendants.  The Court will also grant Plaintiffs' unopposed motion to amend their complaint as to this claim.

### 5.   Count 5 – Injunctive Relief.

Injunctive relief is a remedy, not a claim.  The Court will dismiss this claim to the extent it seeks to assert a separate claim for relief, but not to the extent it seeks a remedy for other valid claims in the complaint.

**IT IS ORDERED:**

1.   Plaintiffs' motion to remand (Doc. 11) is **denied**.

2.   Defendants' motion to dismiss (Doc. 10) is **granted in part and denied in part** as stated above.

3.   Plaintiffs' motion for leave to amend (Doc. 13) is **granted** as stated above. Plaintiffs shall file and amended complaint by **May 20, 2011.**

1        4.     The Court will set a Rule 16 scheduling conference by separate order.

2    Dated this 5th day of May, 2011.

3

4

5

6    _____

7    David G. Campbell
     United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28