**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David M. Campbell and Marie G. Campbell, a married couple,,<br><br>Plaintiffs,<br><br>v.<br><br>California Reconveyance Company, et al.,<br><br>Defendants. | No. CV11-0180-PHX-DGC<br><br>**ORDER** |

On March 29, 2012, the Court held a telephone conference to address a discovery dispute. Plaintiffs requested documents from Defendants related to the transfer history of Plaintiffs' loan and the authority of Deborah Brignac to execute certain documents. Defendants objected on relevancy grounds. The Court ordered the parties to brief the issue, and the parties have complied. Docs. 44, 45. For reasons stated below, the Court will grant in part Plaintiffs' discovery request.

**I.      Loan Transfer History.**

Plaintiffs made the following discovery request of Defendants:

> Supply all supporting documentation for the Loan Transfer History, including proof of negotiation, transfer and payment of value. A transfer history should start with the entity that originated the loan (The "Lender") and move forward too (*sic*) the present with supporting documentation of all transfers, and this transfer history must show U.S. Bank, as Trustee for the MBS pool in the chain of title. If you are without knowledge of the entire Loan Transfer History, please provide documentation to the extent that you have knowledge.

Docs. 44 at 2, 45 at 2.

Defendants argue that Plaintiffs have already admitted all of the transfers in the

loan history, and that Defendants have produced all of the documents needed to show these transfers. Doc. 44 at 5. Defendants also argue on the basis of *Hogan v. Washington Mutual Bank, N.A.*, 261 P.3d 445, 464-65 (Ariz. Ct. App. 2011), and *Diamond v. One West Bank*, No. 09-1593-PHX-FJM, 2010 WL 1742536 (D. Ariz. April 29, 2010), that the "paper trail" Plaintiffs request is not required for foreclosure under Arizona law and is therefore irrelevant to Plaintiffs claims. *Id.* at 6.

Plaintiffs respond that they have not admitted all of the transactions in the loan transfer history. Doc. 45 at 4. The amended complaint states only "on information and belief" that First Magnus, which originated Plaintiffs' loan, sold the note "to an unknown party at some unknown time." Doc. 45 at 4, *see* Doc. 19, ¶ 6. The complaint also uses the word "purported" to describe the subsequent assignment and substitution of trustee. *Id.*, ¶¶ 40, 41, 43. Plaintiffs make several other allegations: that the Trust which purportedly holds their note actually closed 39 days before their note was created, and that Defendants omitted the transfer of the note from First Magnus to Washington Mutual in its answers to Plaintiffs' interrogatories. Plaintiffs argue that these facts call into question whether the loan they originated with First Magnus was transferred to Washington Mutual and subsequently placed into the WAMU Mortgage Pass Through Certificates for WMALT Series 2006-5 Trust (the "Trust"), as Defendants claim (*see* Doc. 44 at 2). Doc. 45 at 5-6. Plaintiffs argue that Defendants have only produced a spreadsheet to show that the loan was placed into the Trust, and that they are entitled to obtain the actual transfer documents. *Id.* at 5. Plaintiffs contend that the Trust is identified on the Notice of Trustee Sale, the Assignment of the Deed of Trust, and the Notice of Substitute Trustee as the entity authorizing all other parties to take action related to the foreclosure of Plaintiffs' home, and that "it is certainly relevant to ask for proof that the Trust, through the proper and legal endorsements of the loan in and out of it, has the authority and legal standing to give these parties said powers." *Id.* at 5-6.

The scope of permissible discovery is defined by Rule 26(b): "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim

or defense." Fed. R. Civ. P. 26(b). The Court therefore must look to Plaintiffs' claims, as set forth in their amended complaint, to determine the proper scope of discovery. Plaintiffs' requests for documentation of the transfer of the note from First Magnus to Washington Mutual and subsequent transfers into and out of the Trust are relevant to one or more claims in the amended complaint. In particular, Plaintiffs allege that the note could not have been properly transferred into the Trust because of timing issues, that Plaintiffs are unable to determine who currently has legal interest in the note, and that Plaintiffs could therefore be subject to competing claims. Doc. 19, ¶¶ 92-94. Defendants rely on *Hogan* and *Diamond West* to suggest that this claim ultimately will lack merit, but the claim is presently part of this case and Rule 26(b) permits discovery of documents relevant to claims that are part of this case.

## II.     Deborah Brignac's Authorization.

Plaintiffs made a request that Defendants produce "[a]ny and all documents demonstrating that Deborah Brignac has authority to execute documents on behalf of any entity (ies), particularly but not limited to any powers of attorney provided by Deborah Brignac provided by any entity." Docs. 44 at 2, 45 at 2. Plaintiffs allege in their amended complaint that the assignment of the deed of trust from MERS to Defendant U.S. Bank as trustee of the mortgage pool is invalid because it was signed by Ms. Brignac who was not authorized to act as an officer of MERS. Doc. 19, ¶ 77. Similarly, Plaintiffs allege that the substitution of trustee from U.S. Bank to CRC is void because it too was executed by Ms. Brignac, and there is no documentation supporting her claim to be an attorney and Vice President for U.S. Bank. *Id.*, ¶ 80. Plaintiffs allege that because these documents are defective and unenforceable Defendants do not have the right to foreclose on their property. *Id.*, ¶¶ 84-85.

Defendants argue on the basis of this Court's ruling in *Silving v. Wells Fargo Bank*, No. CV 11-0676-PHX-DGC, 2012 WL 135989, * 3 (D. Ariz. January 18, 2012), that Plaintiffs do not have standing to challenge the assignment and substitution of trustee and that documentation of Ms. Brignac's authority is therefore irrelevant. Doc. 44 at 3,

6-7. This argument also goes to the merits of Plaintiffs' claim. Allegations regarding Ms. Brignac's lack of authority currently are part of Plaintiffs' claims in this case, and those claims define the permissible scope of discovery under Rule 26(b). Because the amended complaint alleges that Ms. Brignac did not have authority to sign the assignment on behalf of MERS and the substitution on behalf of U.S. Bank, the Court will grant Plaintiffs' discovery request, but will limit it to Ms. Brignac's authorizations to sign on behalf of these two entities.

**IT IS ORDERED** that Defendants shall, within 14 days of this order, produce to Plaintiffs (1) all documentation of the transfer of the note from First Magnus to Washington Mutual and subsequent transfers into and out of the Trust, and (2) all documentation of Deborah Brignac's authority to sign on behalf of MERS and U.S. Bank.

Dated this 1st day of May, 2012.

David G. Campbell
United States District Judge