**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David M. Campbell; Marie G. Campbell, | No. CV-11-00180-PHX-DGC |
| Plaintiffs, | **ORDER** |
| v. | |
| California Reconveyance Company, et al., | |
| Defendants. | |

On July 20, 2012, JPMorgan Chase Bank, NA. ("Chase"), California Reconveyance Company ("CRC"), Mortgage Electronic Registration Systems ("MERS"), and U.S. Bank, NA., ("Defendants") filed a motion for summary judgment. Doc. 60. David M. Campbell and Marie G. Campbell ("Plaintiffs") filed their motion for summary judgment the same day. Doc 62. The motions have been fully briefed, and no party has requested oral argument. Docs. 61, 63, 67-72. For the reasons that follow, the Court will grant Defendants' motion for summary judgment and deny Plaintiffs' motion.

**I.     Background.**

On July 27, 2006, Plaintiffs received a loan from First Magnus Financial Corporation and signed a promissory note for $417,000 and a deed of trust. Doc. 61 at 3. The deed of trust subsequently was assigned by MERS to U.S. Bank on June 24, 2009. Doc. 61 at 2. Plaintiffs dispute the legitimacy of that assignment. Doc. 68 at 2. The original note was endorsed by First Magnus Financial in blank and now is held by Defendants' counsel. Doc. 61 at 3. Plaintiffs do not dispute that the original note is held by defense counsel, but claim it is held on behalf of Chase rather than U.S. Bank.

Doc. 71 at 2.

Plaintiffs contacted their loan servicer, Washington Mutual, in February 2009 to discuss modification of the loan. Doc. 19 at 7. Plaintiffs were accepted into a modified repayment program in September 2009 and made seven payments on that plan before being told they no longer qualified for the program because their income was too high. *Id.* at 10. Nevertheless, Plaintiffs continued to make payments under the plan until Chase (which had acquired Washington Mutual in the interim) returned the payment made on August 31, 2010. *Id.* at 11. On October 14, 2010, CRC filed a Notice of Trustee's Sale. *Id.* The sale has been postponed multiple times pending the outcome of this litigation. *Id.* at 12. Plaintiffs do not contest that they are in default on their loan. *Id*. at 23.

Plaintiffs make five claims in their amended complaint. Doc. 19. Claim one is brought against all Defendants and asks for a declaratory judgment invalidating the substitution of the trustee, assignment of the deed of trust, and notice of the trustee's sale based on alleged improprieties relating to signatures on the relevant documents and violations of rules set forth in the trust's governing document. *Id*. at 13-16. Claim two is an action to quiet title asserted against U.S. Bank and is based largely on the same alleged improprieties that form the basis of claim one. *Id*. at 16-19. Claim three alleges a breach of the duty of good faith and fair dealing against Chase for their actions in regard to the loan modification negotiations. *Id*. at 19-21. Claim four is also directed at Chase and asks for an accounting of information related to the note. *Id*. at 21-22. Claim five seeks injunctive relief against all Defendants with respect to the foreclosure sale. *Id*. at 22-23.

**II.   Legal Standard.**

A party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

matter of law." Fed. R. Civ. P. 56(a). Summary judgment is also appropriate against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. Only disputes over facts that might affect the outcome of the suit will preclude the entry of summary judgment, and the disputed evidence must be "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

**III.   Analysis.**

    **A.   Claim One: Declaratory Relief.**

The first claim is against all Defendants for a "declaratory judgment to vacate substitution of trustee, assignment of deed of trust, and notice of trustee's sale." Doc. 19 at 13. Plaintiffs argue that the substitution, assignment, and notice were either fraudulent or violated the terms of the trust's governing documents. *Id*. ¶ 84. As a result of the fraud or breach, Plaintiffs ask the Court to conclude that Defendants do not have authority to foreclose on the property.

Defendants argue that Plaintiffs lack standing to assert this claim. The doctrine of standing requires that a party "assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Warth v. Seldin*, 422 U.S. 490, 498-99 (1975). Federal courts have held that borrowers do not have standing to challenge assignments of deeds of trust related to their loans. *See, e.g., Livonia Property Holdings, LLC., v. Farmington Road Holdings, LLC.*, 717 F. Supp. 2d 724, 735 (E.D. Mich. 2010) (borrower did not have standing to challenge an assignment that did not change the borrower's obligation, but only changed the entity to whom the borrower was obligated); *Bridge v. Aames Cap. Corp.,* No. 09-CV-2947, 2010 WL 3834059 (N.D. Ohio Sept. 29, 2010) (same); *Silving v. Wells Fargo Bank, NA*, No. CV 11-0676, 2012 WL 135989 (D. Ariz. Jan. 18, 2012) (same); *In Re MERS Litigation*, MDL Dkt. No. 09-2119-JAT, 2011 WL 4550189, at *5 (D. Ariz. Oct. 03, 2011) (same).

Plaintiffs challenge assignments and other transactions to which they are not

parties and in which they did not participate.  Plaintiffs do not argue that the transactions somehow altered their legal rights or changed their obligations under the note and deed of trust.  Because Plaintiffs lack standing under the cases cited above, the Court will grant Defendants' motion for summary judgment with respect to the first claim.

In an effort to show that the assignments in this case do give rise to a concrete and particularized injury, Plaintiffs argue that if the assignments are invalid, Plaintiffs are in "jeopardy of other individuals and/or entities appearing at a later date and claiming legitimate and legal entitlement to payment under the Note."  Doc. 19 ¶ 38.  While changing the party to whom a debt obligation is owed is not a concrete and particularized harm to the debtor under the cases discussed above, a debtor theoretically could be harmed if an entity that did not have a valid interest in a note foreclosed on his or her property, only to have the entity which actually owned the note show up later to collect from the debtor.

The Court sees two serious problems with this argument.  First, Plaintiffs have not argued, or cited authority to show, that the Arizona anti-deficiency statute would not protect the debtor in such a case.  *See* A.R.S. § 33-729(a).

Second and more importantly, Plaintiffs have been provided the chain of custody of the note and deed of trust in this case and have not identified any person or entity other than Defendants who might have an interest in the note and deed of trust.  As already noted, the original note and deed of trust executed by Plaintiffs are in the possession of the attorney who represents all Defendants.  Doc. 71 at 2.  Plaintiffs argue that counsel's possession of the note does not demonstrate that U.S. Bank is the true holder, and asserts instead that Chase holds the note.  *Id.*  Elsewhere, Plaintiffs argue that MERS may hold the note.  Doc. 63-1 at 14.  But if the note and deed of trust are held by any Defendant in this case – U.S. Bank, Chase, MERS, or CRC – that Defendant is a party to this suit and will be bound by the Court's determination.  Moreover, Defendants are all represented by the same attorney and have collectively asserted that U.S. Bank owns the note and Chase is the servicer.  Doc. 72 at 2.  Having taken this position and achieved the benefit of

summary judgment in this case, Defendants will be judicially estopped from taking a different position later. "Judicial estoppel . . . precludes a party from gaining an advantage by taking one position [in the judicial process], and then seeking a second advantage by taking an incompatible position." *Rissetto v. Plumbers and Steamfitters Local 343,* 94 F.3d 597, 600 (9th Cir. 1996); *see also Samson v. NAMA Holdings, LLC,* 637 F.3d 915, 935 (9th Cir. 2011). Thus, the Court sees no risk that Plaintiffs may someday be held liable to a Defendant other than U.S. Bank for the debt.[1]

In short, Plaintiffs have identified no potential owner of the note who may seek to foreclose on their loan after the trustee sale noticed by Defendants is completed. Their argument that such an owner may exist somewhere is nothing more than conjecture, particularly given the fact that counsel for Defendants actually possesses the original note and deed of trust. Conjecture cannot provide a basis for standing in federal court. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) ("plaintiff must have suffered an injury in fact – an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent not conjectural or hypothetical") (internal quotations and citations omitted); *Barnum Timber Co. v. EPA*, 633 F.3d 894 (9th Cir. 2011).

Because Plaintiffs lack standing to challenge the assignments at issue in this case, the Court will enter summary judgment on their first claim.

**B.     Claim Two: Quiet Title.**

Plaintiffs ask the Court to quiet title in their names because of alleged uncertainty about who holds the note and who has a right to receive payments, but Plaintiffs have not tendered the amount they owe on the note. It is well established in Arizona that "a plaintiff cannot bring a quiet title action unless she has paid off her mortgage in full."

---

[1] Plaintiffs also suggest that "if the note is found to have been legally and timely transferred to the Trust, the mortgage pool contains hundreds or thousands of investors, all with a legal claim to a portion of the Note." Doc. 63-1 at 14. Plaintiffs provide no authority, and no citation from the Trust documents, to suggest that investors in the Trust have the right to foreclose on individual assets held in the Trust for the benefit of all investors. This argument is simply conjectural.

*Bergdale v. Countrywide Bank FSB,* No. CV 12-8057, 2012 WL 4120482, at *6 (D. Ariz. Sept. 18, 2012) (citing *Farrell v. West,* 57 Ariz. 490, 491, 114 P.2d 910, 911 (Ariz. 1941)) ("[I]f it appears there is an unsatisfied balance due a defendant-mortgagee, or his assignee, the court will not quiet the title until and unless [the plaintiff-mortgagor] pays off such mortgage lien."); *Eason v. Indymac Bank, FSB,* No. CV 09-1423, 2010 WL 1962309, at *2 (D. Ariz. May 14, 2010) (action to "[q]uiet title is not a remedy available to the trustor until the debt is paid or tendered."); *Frazer v. Millennium Bank,* No. CV 10-01509, 2010 WL 4579799, at *4 (D. Ariz. Oct. 29, 2010) (same).  Accordingly, the Court will grant the Defendants' motion for summary judgment on claim two.

### C. Claim Three: Breach of the Duty of Good Faith and Fair Dealing.

Claim three alleges that Chase breached its duty of good faith because of its actions related to renegotiation of the loan. Chase, which is the servicing agent for Plaintiffs' loan, asserts that it never entered into a contract with Plaintiffs and therefore has no implied duty of good faith and fair dealing.  Plaintiffs do not respond to this argument.  Because Plaintiffs have identified no contract with Chase, they cannot prevail on an action for breach of the covenant of good faith and fair dealing implied by Arizona law in every contract.  *See Kennedy v. Chase Home Finance, LLC*, No. CV 11-8109, 2012 WL 1132785 at *4 (D. Ariz. Apr. 4, 2012); *Hunter v. CitiMortgage, Inc.*, No. CV 11-01549, 2011 WL 4625973, at *2 (Dist. Ariz. Oct. 4, 2011). The Court will grant Defendants' motion for summary judgment on the third claim.

### D. Claim Four: Accounting.

Plaintiffs seek an accounting of information related to the loan.  Doc. 19 at 21.  At the motion to dismiss stage, the Court ruled that "a claim for an accounting requires plaintiffs to allege an agency or trust relationship with respect to the parties of which the request for accounting is made." Doc. 17 at 9 (citing *Mollohan v. Christy*, 294 P.2d 375, 376-77 (Ariz. 1953)).  The amended complaint does not allege any agency or trust relationship between Plaintiffs and Chase, and Plaintiffs assert none in response to Defendants' motion. The Court will grant the Defendants' motion to summary judgment

- 6 -

on the fourth claim.

### E. Claim Five: Injunctive Relief.

Claim five does not state a new cause of action, but instead seeks injunctive relief on the basis of other counts. Doc. 19 at 22-23. Because the Court has granted summary judgment on all other claims, it will grant summary judgment on this claim as well.

**IT IS ORDERED:**

1. Defendants' motion for summary judgment is **granted.**
2. Plaintiffs' motion for summary judgment is **denied.**
3. The Clerk is directed to terminate this action.

Dated this 25th day of October, 2012.

*David G. Campbell*
United States District Judge